**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, OR 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAT HOLLIS** and **JANE DOE,** individuals, | Case No.: 3:22-cv-920 |
| Plaintiffs, | COMPLAINT |
| vs. | Unlawful Employment Practices (42 U.S.C. § 2000e-3, ORS § 659A.030(1)(f), ORS § 659A.199) |
| **SKC INVESTMENT INC.**, a domestic business corporation, doing business as **CLUB 205**, | Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), Oregon Wage and Hour Law |
| Defendant. | DEMAND FOR JURY TRIAL |

## I.     INTRODUCTION

1.     Cat Hollis and Jane Doe ("Plaintiffs") bring this action against SKC Investment Inc., doing business as Club 205 ("Defendant") for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3 and Oregon's Unlawful Discrimination in Employment Law, O.R.S § 659A.030. Plaintiffs Hollis and Doe opposed unlawful discrimination based on sex and race/color, and Defendant retaliated against them by terminating their employment at Club 205. In addition, they reported a good faith information that they believed to be evidence of a

Page 1 - COMPLAINT

violation of state or federal law and were retaliated against by Defendant in violation of O.R.S. § 659A.199.  Plaintiffs Hollis and Doe seek economic and noneconomic damages and attorneys' fees and costs.

2. Plaintiffs Hollis and Doe also bring this action against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* for unpaid wages and statutory damages. Plaintiffs seek minimum wages due to them under 29 U.S.C. § 206 and liquidated damages and attorney fees under 29 U.S.C. § 216(b).

3. Plaintiffs Hollis and Doe also seek unpaid wages and penalty damages under Oregon's minimum and timely payment statutes, O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.035 and 653.055.

## II.     JURISDICTION

4. This Court has jurisdiction of this action pursuant to the following:

    a. 42 U.S.C. § 2000e, as this action arises under laws providing for the equal protection under Title 7.

    b. 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.;*

    c. 28 U.S.C. § 1331, as this action arises under the laws of the United States;

    d. 28 U.S.C. § 1337, as this action arises under acts of Congress regulating commerce;

    e. 28 U.S.C. § 1343, as this action is brought to enforce equal rights; and

    f. 28 U.S.C. § 1367, as the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

### III.   PARTIES

5. Plaintiffs Cat Hollis and Jane Doe are natural persons who reside in Portland, Oregon in Multnomah County.

6. At all times relevant to this action, Defendant SKC Investment, Inc., was a domestic business corporation that has registered Club 205 as an assumed business name. Defendant operated an adult entertainment establishment by the name Club 205 located in Portland, Oregon, in Multnomah County that featured exotic dancing.

### IV.   FACTS

7. Defendant employed Plaintiffs as exotic dancers at Club 205.

8. Cat Hollis, who uses they/them pronouns, was employed by Defendant from on or around May 19, 2019, through March 24, 2020.

9. Jane Doe, who uses she/her pronouns, was employed by Defendant from on or around December 17, 2017, through March 18, 2020.

10. Defendant SKC Investment, Inc. is in the business of providing exotic dancing performances, such as those performed by Plaintiffs at Club 205.

11. Plaintiffs were employed in interstate commerce, or Defendant was an enterprise engaged in interstate commerce.

12. Defendant controlled how Plaintiffs dressed on the job, how they interacted with clients, their schedules, when and how long they could dance on stage, and to what music they could dance.

13. Plaintiffs' conduct was enforced through the threat of fines and/or discharge.

14. Defendant controlled advertising, marketing, aesthetics, and location for the club, and provided and maintained the stages, poles, lights and sound system.

15. Defendant maintained and exercised the right to fire Plaintiffs and other exotic dancers.

16. In March 2020, Defendant's Club 205 closed temporarily in response Oregon Governor's orders in response to COVID.

17. At the beginning of June 2020, after the murder of George Floyd and the start of the Black Lives Matter protests, Plaintiffs began to talk to each other and other Club 205 dancers about racial discrimination and sexual assault that they had experienced at Club 205.

18. Plaintiffs helped create and participated in a group of exotic dancers called Haymarket Pole Collective to raise awareness about racial discrimination and sexual assault of exotic dancers at Club 205 and other strip clubs.

19. Plaintiffs and other members of the Collective made a public list of requests and started a campaign called "PDX Stripper Strike" to address racist hiring and employment practices and the lack of attention to sexual assault in strip clubs.

20. The requests included workplace nondiscrimination policies, procedures, and trainings, particularly focused on addressing racism and preventing sex discrimination in the form of sexual assault by clients; booking practices that ensured equal work for dancers of color; and a show of solidarity with the Collective by posting public support of #PDXStripperStike on social media.

21. As part of the campaign, Plaintiffs presented their own experiences of race and sex discrimination at Club 205 as part of a listening session that they asked Defendant and other clubs to participate in so that they could understand the scope of the problem that Plaintiffs and other dancers had experienced.

22. Plaintiff Hollis reviewed the Oregon Bureau of Labor & Industry (BOLI) website

to learn more about their rights as an employee and learned that employers must have a written policy to reduce and prevent harassment, discrimination, and sexual assault at work and provide that policy to all workers.

23. Plaintiff Hollis used that information from the BOLI website to help design the requests of the Collective to include what Plaintiff Hollis understood to be the responsibilities of an employer in addressing and preventing race discrimination and sexual harassment in the workplace.

24. Plaintiffs Hollis and Doe both reached out the Defendant through its booking manager and/or management to ask Defendant to support the PDX Stripper Strike campaign and to agree to the Collective's requests.

25. Plaintiffs believed that Defendant did not have workplace nondiscrimination policies, procedures and trainings for exotic dancers or other employees at Club 205.

26. Plaintiffs believed that Defendant did not have nondiscriminatory booking and hiring practices for exotic dancers of color.

27. Plaintiffs Hollis and Doe were also very public on their social media accounts (which were visible to Defendant) about their concerns about race discrimination and sexual assault in Club 205 and other clubs.

28. Plaintiff Hollis also gave interviews to news outlets about Plaintiff Hollis' experience of race discrimination in clubs as a Black exotic dancer, organizing the Collective, and the requests to improve race and sex discrimination in Club 205 and other strip clubs.

29. Prior to June 10, 2020, Plaintiff Hollis texted Defendant's to request nondiscrimination training and policies and equitable treatment of exotic dancers of color.

30. In anticipation of reopening, Defendant's booking manager texted Plaintiff Doe

on June 10, 2020, about returning to work.

31.    Defendant's booking manager did not contact Plaintiff Hollis about returning to work.

32.    Plaintiff Doe responded to Defendant's booking manager that she was also part of the PDX Stripper Strike campaign and the Collective and to ask again for the club's support of the campaign's requests.

33.    Defendant's booking manager stopped communicating with Plaintiff Doe.

34.    Plaintiff Hollis learned that Defendant's booking manager had contacted other dancers about returning to work.

35.    Plaintiff Hollis contacted Defendant's booking manager about returning to work, but he did not respond.

36.    On June 19, 2020, Governor's COVID orders allowed Club 205 to reopen.

37.    Neither Plaintiff Hollis nor Doe were allowed to return to work at Club 205, and their employment was terminated.

38.    Defendant's termination of Plaintiff Hollis and Doe's employment was because they opposed unlawful race and sex discrimination at Club 205.

39.    Defendant's termination of Plaintiff Hollis and Doe's employment was because they in good faith reported information about Defendant's failure to have policies, procedures and trainings regarding race discrimination and sexual assault and its failure to have equitable hiring and scheduling practices for dancers of color. They believed that information was evidence of a violation of state and federal antidiscrimination in employment laws.

40.    As a result of Defendant's retaliatory conduct, Plaintiffs suffered lost income, emotional distress, mental anguish, humiliation, pain and suffering.

41. Plaintiffs filed complaints with BOLI and with Equal Employment Opportunity Commission (EEOC) on April 1, 2021.

42. Plaintiffs requested and received right to sue letters from BOLI on March 30, 2022.

43. Plaintiffs received right to sue letters from EEOC on April 22, 2022.

44. As a condition of employment, Defendant required Plaintiffs to pay fees to Defendant for every shift they worked and for each private dance they performed for a customer. Plaintiffs were also required to pay fees directly to DJs and security personnel.

45. The fees that Defendant required Plaintiffs to pay were for services incidental to carrying out Defendant's business that were primarily for the benefit or convenience of the employer.

46. Plaintiffs typically performed work at Defendant's venue five days a week for an average of six hours each day.

47. Plaintiffs regularly worked 30 hours a week.

48. For the hours Plaintiffs worked for Defendant, they received no wages.

49. Among other weeks, Plaintiff Hollis worked approximately 30 hours during the week beginning February 2, 2020. She received no pay from Defendant, approximately $375.00 less than she was entitled to under Oregon's minimum wage laws. That same week Plaintiff had to pay Defendant approximately $755.00 in fees.

50. Among other weeks, Plaintiff Doe worked approximately 30 hours during the week beginning January 19, 2020. She received no pay from Defendant, approximately $375.00 less than she was entitled to under Oregon's minimum wage laws. That same week Plaintiff had to pay Defendant approximately $480.00 in fees.

51. Defendant's refusal to pay wages as alleged herein was not done in good faith.

52. Defendant's refusal to pay wages as alleged herein was willful.

53. To date, Defendant has not paid Plaintiffs any of their wages.

## V. CLAIMS FOR RELIEF

**First Claim – Title VII: Federal Retaliation for Opposing Race and Sex Discrimination**

54. Defendant violated 42 U.S.C. § 2000e-3 by retaliating against Plaintiff Hollis and Doe by terminating their employment because they opposed unlawful race and sex discrimination at Defendant's Club 205.

55. Plaintiffs seek lost income, compensatory damages and attorneys' fees and costs for the violation of rights protected by 42 U.S.C. § 2000e-3 under 42 U.S.C. § 2000e-5 and 42 U.S.C § 1981A.

**Second Claim – O.R.S. § 659A.030(f): Oregon Retaliation for Opposing Race and Sex Discrimination**

56. Defendant violated O.R.S. § 659A.030(f) by retaliating against Plaintiff Hollis and Doe by terminating their employment because they opposed unlawful race and sex discrimination at Defendant's Club 205.

57. Plaintiffs seeks lost income, compensatory damages, attorneys' fees and costs for the violation of rights protected by O.R.S. § 659A.030 under O.R.S. § 659A.885.

**Third Claim – O.R.S. § 659A.199: Oregon Whistleblower Retaliation**

58. Defendant violated O.R.S. § 659A.199 by retaliating against Plaintiff Hollis and Doe by terminating their employment because they in good faith reported information about Defendant's failure to have policies, procedures and trainings regarding race discrimination and sexual assault and its failure to have equitable hiring and scheduling practices for dancers of

color that they believed was evidence of a violation of state and federal antidiscrimination in employment laws.

59.     Plaintiffs seeks lost income, compensatory damages, attorneys' fees and costs for the violation of rights protected by O.R.S. § 659A.199 under O.R.S. § 659A.885.

### Fourth Claim - Violation of FLSA

60.     Defendant violated 29 U.S.C. § 206 when it failed to pay Plaintiffs the federal minimum wage rate for all the hours worked.

61.     The fees that Defendant required Plaintiffs to pay were expenses that were primarily for the benefit of the employer, resulting in illegal kickbacks to Defendants under 29 C.F.R. § 531.35.

62.     Defendant's nonpayment of the federal minimum wage and charging of kickbacks was willful and not done in good faith.

63.     Pursuant to 29. U.S.C. § 216(b), Defendant owes Plaintiffs unpaid minimum wages and kickbacks, an amount equal to the unpaid wages as liquidated damages, and attorney's fees and costs.

### Fifth Claim – Violation of Oregon Minimum Wage Laws

64.     Defendant violated O.R.S. § 653.025 when it failed to pay Plaintiffs the state minimum hourly rate for all the hours worked.

65.     Under O.R.S. § 653.035, Plaintiffs should be reimbursed the fees charged by the Defendant, in order to bring their pay up to the state minimum wages.

66.     Defendant's failure to pay Plaintiffs the minimum wage for every hour worked was willful.

67.     Pursuant to O.R.S. § 653.055, Defendant owes Plaintiffs unpaid minimum wages

and kickbacks, and penalty damages in an amount equal to 240 times their hourly rate under O.R.S. § 652.150.

68. Plaintiffs are entitled to costs and reasonable attorney's fees pursuant to O.R.S. § 652.200.

### Sixth Claim – Violation of Oregon Timely Payment of Wages Law

69. Defendant violated O.R.S. § 653.140 when it failed to pay Plaintiffs all their wages upon termination of their employment within the time specified in O.R.S. § 652.140.

70. Defendant's failure to pay wages when due was willful.

71. Pursuant to O.R.S. § 652.150, Plaintiffs are entitled to recover their unpaid wages, penalty damages in an amount equal to 240 times their hourly rate, plus reasonable attorney fees and costs for Defendant's failure to Plaintiffs' wages upon termination.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a. Award Plaintiffs their economic damages, lost income, and another equitable relief that may be appropriate;

b. Award Plaintiff compensatory damages, including for emotional distress, mental anguish, humiliation, paid and suffering;

c. Award Plaintiffs their unpaid federal minimum wages under 29 U.S.C. § 206, and an equal amount in liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiffs their unpaid Oregon minimum wages under O.R.S. § 653.025 and civil penalties in the amount of 240 times the minimum wage under O.R.S. §§ 653.055 and 652.150;

e. Award Plaintiffs their civil penalties in the amount of 240 times the minimum wage

      under O.R.S. §§ 652.140 and 652.150, for failure to pay wages when due;

  f. Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorney's fees and costs under 29 U.S.C. § 216(b), 42 U.S.C. § 2000-e-5, and O.R.S. §§ 652.200, 652.150, 653.055, 659A.885;

  g. Award Plaintiffs pre-judgement interest on sums due under the state law claim and post-judgment interest on all claims; and

  h. Award Plaintiffs such other relief as this court deems just and proper.

Respectfully submitted this 27th day of June, 2021.

/s/ Corinna Spencer-Scheurich_____
Corinna Spencer-Scheurich, OSB #130147
corinna@nwjp.org
Attorney for Plaintiffs

Page 11 - COMPLAINT