**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, OR 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAT HOLLIS** and **JANE DOE,** individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>**SKC INVESTMENT INC**., a domestic business corporation, doing business as **CLUB 205**,<br><br>    Defendant. | Case No.: 3:22-cv-920-HZ<br><br><br>MOTION FOR LEAVE TO PROCEED ANONYMOUSLY |

### I.    MOTION FOR LEAVE

Cat Hollis and Jane Doe ("Plaintiffs") move this Court to allow Jane Doe, as identified in her declaration attached as Exhibit 1 ("Doe's Declaration), to proceed anonymously and under pseudonym as a Plaintiff in the above-captioned matter. Plaintiffs request that Jane Doe's name and other identifying information be redacted from filings (to be replaced where appropriate with the assigned pseudonym). Plaintiffs file, with this motion, a Motion to File under Seal: Exhibit 1, Plaintiff Doe's Declaration in Support of Plaintiffs' Motion to Proceed Anonymously.

Page 1 – MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs worked as exotic dancers at Defendant's Club 205 for a number of years. After they complained about race and sex discrimination at Club 205, Plaintiffs allege Defendant terminated their employment. (Compl. ¶¶ 17-39). Plaintiffs also complain that Defendant failed to pay them the minimum wage and otherwise comply with federal and state wage and hour laws during their employment. (Compl. ¶¶ 44-53).

Plaintiff Doe seeks to proceed anonymously due to the highly sensitive and personal nature of the details about the Plaintiffs in this action and because (1) there is a significant social stigma associated with the nude and semi-nude "dancing" that exotic dancers, also known as "strippers," perform; (2) there are risks inherent in working as an exotic dancer, including risk of injury by current or former customers of Defendant's Club 205 if an exotic dancer's name or address is disclosed; (3) Plaintiff Doe would be hesitant to maintain this action enforcing fundamental employee rights if her name was to be forever associated with Defendant's nightclubs, which could affect her prospects for future employment in the field that she has chosen to pursue in her schooling; and (4) Plaintiff Doe wishes to protect her right to privacy. (Ex. 1, Doe Decl.). At Club 205, it is customary for the exotic dancers to use pseudonyms or stage names for privacy and personal safety reasons. (Ex. 1, Doe Decl. at ¶4-7). Plaintiff Doe's privacy and safety concerns are reasonable and justified.

Courts exercise their authority to permit a plaintiff to proceed under a pseudonym in special circumstances when the plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F.Supp.3d 990, 993 (N.D. Cal. 2015). Courts frequently allow individual

litigants that are part of sexually explicit industries to proceed under pseudonyms. *See*, *e.g.*, *Balance Studio*, *Inc*. *v*. *Cybernet Entm't*, *LLC*, 204 F. Supp. 3d 1098, 1102 (N.D. Cal. 2016) (granting the plaintiff/counter-defendant's motion to proceed anonymously where she worked "in adult sexual education in the area of bondage and sadomasochism"); *SFBSC Mgmt*., *LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015) (granting nude dancers' motion to proceed pseudonymously); *Doe v. DéJà Vu Consulting Inc.*, 2017 WL 3837730 (M.D. Tenn. 2017)(granting exotic dancer's motion to file suit pseudonymously, proceed pseudonymously through at least some stages of litigation, and to maintain the confidentiality of her identity even after dismissal of the suit).

In *SFBSC Management, LLC*, the United States District Court for the Northern District of California considered a motion to proceed using pseudonyms for a putative class of exotic dancers that were suing the owner of a number of California strip clubs for misclassification as independent contractors and the resulting wage and hour claims. *Id.* at 991-992.  Granting the motion, the court reviewed facts very similar to those in this case.

### A. Privacy and Social Stigma

To start, the court in *SFBSC Management, LLC*, analyzed whether the plaintiffs' asserted justification for anonymity was either to protect privacy in a sensitive or highly personal matter or because of an understandable fear of social stigmatization. *Id.* at 993-995. The court pointed to the Ninth Circuit's standard that "courts grant anonymity where it is needed to 'preserve privacy in a matter of sensitive and highly personal nature.'" *Id* at 993 (quoting *Advanced Textile*, 214 F.3d at 1068). Most compelling to its analysis was the social stigma and personal embarrassment that arise from the sexual nature of the business of nude exotic dancing. *Id.* at 994.

Similarly in this case, Plaintiff Doe believes that this lawsuit, living long past its resolution in the public record, will subject her to ongoing social stigma and personal

embarrassment due to the sexual nature of her employment with Defendant. (Ex. 1, Doe Decl. at ¶¶17-18).

**B. Threatened Harm**

The court in *SFBSC Management, LLC*, considered whether identification of the plaintiffs would pose a risk of harm to the plaintiffs. *SFBSC Mgmt., LLC*, 77 F.Supp.3d at 994-995. The plaintiffs raised the issue of inherent risks physical harm of being an exotic dancer; indeed, it is customary for exotic dancers to use stage names to protect their identities from customers that might harm them physically. *Id.* They also had a legitimate fear of harm to their future employment by others if their names were forever associated with exotic dancing in the public record. *Id.* The court found that the severity of the potential harms, the reasonableness of the fears and the dancers' vulnerability favored proceeding anonymously. *Id.*

Here, Plaintiff Doe also works with a stage name to protect her identity from customers that might seek to physically harm her. (Ex. 1, Doe Decl. at ¶¶5-10). She also has career ambitions that could be severely harmed by having her name forever connected to Defendant's business. (Ex. 1, Doe Decl. at ¶¶11-16).

**C. Prejudice to SKC Investment, Inc.**

Like in *SFBSC Management, LLC*, this case does not pose a risk of prejudice to Defendant if Plaintiff Doe is allowed to proceed anonymously in the public record. 77 F.Supp.3d at 995-996. Defendant knows Jane Doe's identity already as potential litigant, and Plaintiff will confirm her identity to it. (Ex. 1, Doe Decl. at ¶19). Discovery should not pose a barrier to Defendant's defense because Plaintiff Doe worked professionally under a stage name that her co-workers and customer know her by. (Ex. 1, Doe Decl. at ¶¶5-6). In addition, Plaintiffs will seek to negotiate a stipulated protective order with Defendant that will allow disclosure of her identity

to "significant third parties in a way that protects the [plaintiff's] interests sufficiently, 'without prejudicing the opposing party's ability to litigate the case.'" *SFBSC Mgmt., LLC*, 77 F.Supp.3d at 996 (quoting *Advanced Textile*, 214 F.3d at 1069, 1072*).*

### D.  Public Interest in Open Courts

The court *SFBSC Management, LLC*, weighed the need for open courts and open records and found that "[t]his root tenant can be invoked too reflexively...where the situation at hand does not threaten the principle." *Id.* The Ninth Circuit in *Advanced Textile*, another employment case, reversed the district court, in part, because it did not explain how allowing plaintiffs to proceed anonymously would prevent public scrutiny in that case. 214 F.3d at 1072. Indeed, the Ninth Circuit has recognized that it is also in the public's interest for employees to bring suits to enforce their statutory rights and for those suits to be decided on the merits. *Id.* at 1073.

All of the facts of Plaintiff Doe's employment and the legal issues at work will all be public record. And, Plaintiff Hollis has already been public about her employment with Defendant and other strip clubs and will proceed under her own name.

### E.  Conclusion

Plaintiff Doe's interest in protecting her personal well-being and future employment outweighs the public interest in knowing her actual identity. Plaintiffs will work with Defendant and the Court to ensure that discovery will not be hampered by Plaintiff Doe's public anonymity. Therefore, the Court should grant the motion and order that Plaintiff Doe's name and other identifying information be redacted from filings (to be replaced where appropriate with the assigned pseudonym).

///

///

Respectfully submitted this 28th day of June, 2021.


/s/ Corinna Spencer-Scheurich
Corinna Spencer-Scheurich, OSB #130147
corinna@nwjp.org
Attorney for Plaintiffs