Anthony Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q Ridgeway, OSB No. 213011
jridgeway@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Telephone:     503.221.0309
Fax No.:         503.242.2457

Attorneys for Defendant
SKC Investment, Inc., dba Club 205

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAT HOLLIS** and **JANE DOE,** individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**SKC INVESTMENT INC**., a domestic business corporation, doing business as **CLUB 205,**<br><br>Defendant. | Case No.: 3:22-CV-00920-HZ<br><br>DEFENDANT'S MOTION TO CONSOLIDATE CASES<br><br>*UNOPPOSED* |

## **MOTION**

Pursuant to Fed. R. Civ. P. 42(a) and LR 42-3, Defendant SKC Investment, Inc., dba Club 205 ("Defendant" or "Club 205"), moves the Court to consolidate this action with related Multnomah County Circuit Court Case No. 21CV49359, Cat Hollis and N.M., proceeding under a pseudonym v. SKC Investment, Inc., dba Club 205 for all further proceedings, and assign one Judge to preside over the consolidated case.

Page 1 - DEFENDANT'S MOTION TO CONSOLIDATE CASES

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1(a), the undersigned counsel hereby certifies that the parties conferred on this Motion and counsel for Plaintiffs do not oppose this motion for consolidation.

## MEMORANDUM OF LAW

### I.    PROCEDURAL BACKGROUND

On December 30, 2021, Plaintiffs filed a state action Complaint against Defendant in Multnomah County Circuit Court ("*Club 205 I*") alleging hostile work environment based on sex discrimination and race discrimination in violation of ORS 659A.030(1)(b). On March 21, 2022, Defendant filed its Answer and Affirmative Defenses. The Honorable Stephen K. Bushong was appointed to Motions judge on March 29, 2022. The parties filed a stipulated protective order on June 22, 2022 and have begun discovery. There have been no further proceedings in *Club 205 I*.

On June 27, 2022, Plaintiffs filed this Complaint against Defendant in the District Court for the District of Oregon – Portland Division ("*Club 205 II*") alleging unlawful retaliation for opposition of unlawful race and sex discrimination in violation of 42 U.S.C. 2000e-3 and ORS 659A.030(1)(f), unlawful whistleblower retaliation in violation of ORS 659A.199, and failure to pay minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. 206. There have been no further proceedings in *Club 205 II*.

### II.    ARGUMENT

#### A.    Legal Standard

Fed. R. Civ. P. 42(a) states that "[i]f actions before the court involve a common question of law **or** fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." (Emphasis added.) District courts have "broad discretion" to consolidate cases under Fed. R. Civ. P. 42(a) when there are common questions of law or fact. *In re Adams Apple, Inc.*, 829 F.2d 1484,

1487 (9th Cir. 1987); *Deering v. Galena Biopharma, Inc.*, 3:14-cv-00367-SI, 2014 WL 4954398, at *1, 7 (D. Or. Oct. 3, 2014) (five class action lawsuits consolidated despite different class periods and some differences in named defendants); *Murphy v. Westerlund*, 3:15-cv-01072-SB, 2016 WL 1357409, at *5 (D. Or. March 15, 2016) ("District courts have broad discretion in deciding whether to consolidate cases within the same district…Generally, actions involving common questions of law or fact may be consolidated if it will avoid unnecessary cost or delay."). In exercising its discretion, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

### B.    *Club 205 I* and *Club 205 II* Involve Common Questions of Law and Fact

The *Club 205* cases should be consolidated to promote judicial economy and to avoid unnecessary cost and delay. These two cases share common questions of law <u>and</u> fact because they have substantially similar and interrelated claims and involve interrelated and common factual allegations. First, both *Club 205* cases were brought by the same Plaintiffs, represented by the same counsel, Northwest Workers' Justice Project, against the same Defendant. Second, Plaintiffs' Complaints allege the following common facts:

| Club 205 I (Case No. 21CV49359) | Club 205 II (Case No. 3:22-cv-920) |
|---|---|
| ¶ 3 - Defendant SKC Investments Inc., dba Club 205, operates a strip club called Club 205 and is incorporated under the laws of the State of Oregon, with its principal place of business in Multnomah County, OR | ¶ 6 - At all times relevant to this action, Defendant SKC Investment, Inc. was a domestic business corporation that has registered Club 205 as an assumed business name. Defendant operated an adult entertainment establishment by the name of Club 205 located in Portland, OR, in Multnomah County that featured exotic dancing |
| ¶ 6 – Defendant is an "employer" within the meaning of ORS Chapter 659A.001 *et seq*., and Plaintiffs were "employees" of Defendant | ¶ 7 - Defendant employed Plaintiffs as exotic dancers at Club 205. |

| | |
|---|---|
| within the meaning of ORS Chapter 659A.001 *et seq.* | |
| ¶ 7 - Plaintiff Hollis worked for the Defendant at Club 205 as an exotic dancer from approximately May 11, 2019, to approximately March 24, 2020, when Club 205 closed temporarily due to the Governor's order in response to COVID-19. | ¶ 8 - Cat Hollis, who uses they/them pronouns, was employed by Defendant from on or around May 19, 2019, through March 24, 2020.<br>¶16 - In March 2020, Defendant's Club 205 closed temporarily in response [to] Oregon Governor's orders in response to COVID. |
| ¶ 8 - Plaintiff N.M. worked for Defendant at Club 205 as an exotic dancer from December 22, 2017, to approximately March 24, 2020, when Club 205 closed temporarily. | Jane Doe, who uses she/her pronouns, was employed by Defendant from on or around December 22, 2017, through March 18, 2020. |
| ¶ 10 - Plaintiffs' job was to entertain the patrons of Defendant's strip club, Club 205, by performing semi-nude and nude dances on Club 205 stages. | Defendant SKC Investment, Inc. is in the business of providing exotic dancing performances, such as those performed by Plaintiffs at Club 205. |
| ¶ 19 - Plaintiffs were supervised by Defendant's booking managers, who hired Plaintiffs, frequented Club 205 during their shifts to monitor their job performance, managed when they were allowed to work, controlled the presence and actions of Patrons in Club 205 as they related to Plaintiffs, and ultimately took them off the schedule to fire them. | ¶ 13 - Plaintiffs' conduct was enforced through the threat of fines and/or discharge.<br>¶ 15 - Defendant maintained and exercised the right to fire Plaintiffs and other exotic dancers. |
| ¶ 20 - Plaintiffs were supervised by Defendant's bouncers, who were onsite throughout most of the Plaintiffs shifts, had the power to fire exotic dancers or remove them from the Club, and controlled the presence and actions of Patrons in Club 205 as they related to Plaintiffs.<br>¶ 21 - Plaintiffs were supervised by Defendant's DJs, who managed Plaintiffs' performances on stages, collected dance fees, has the power to fire exotic dancers, and helped control the presence and actions of patrons in Club 205 as they related to Plaintiffs.<br>¶ 23 - Defendant set the price that Plaintiffs could charge for private dances with patrons and collected five dollars from each private dance that Plaintiffs performed | ¶ 44 - As a condition of employment, Defendant required Plaintiffs to pay fees to Defendant for every shift they worked and for each private dance they performed for a customer. Plaintiffs were also required to pay fees directly to DJs and security personnel. |
| ¶ 22 - Defendant dictated when Plaintiffs were allowed to perform on stage during their | ¶ 12 - Defendant controlled how Plaintiffs dressed on the job, how they interacted with |

| | |
|---|---|
| shifts, how many songs were in their performance set, and the music to which Plaintiffs performed.<br>¶ 24 - Defendant set rules about what Plaintiffs wore and their appearance when they were performing at Club 205. | clients, their schedules, when and how long they could dance on stage, and to what music they could dance. |
| ¶ 26 - Defendant provided the equipment and materials necessary for Plaintiffs to work as exotic dancers, including the stage, lights, poles, tables, chairs, and an area for private dances. | ¶ 14 - Defendant controlled advertising, marketing, aesthetics, and location for the club and provided and maintained the stages, poles, lights and sound system. |
| ¶ 38 - Defendant knew or should have known about the sexual assault and harassing conduct of some of Club 205's patrons, and the failure of Defendant's bouncers to respond to that conduct.<br>¶ 52 - Defendant knew or should have known about the race discrimination and harassing conduct of some of Club 205's patrons and employees. | ¶ 27 - Plaintiffs Hollis and Doe were also very public on their social media accounts (which were visible to Defendant) about their concerns about race discrimination and sexual assault in Club 205 and other clubs.<br>¶ 29 - Prior to June 10, 2020, Plaintiff Hollis texted Defendant's to request nondiscrimination training and policies and equitable treatment of exotic dancers of color. |
| ¶ 41 - In May 2019, when Plaintiff Hollis came to audition with Defendant's booking manager for a job at Club 205, Defendant's bartenders attempted to dissuade Ms. Hollis from auditioning because of her race. | ¶ 26 - Plaintiffs believed that Defendant did not have nondiscriminatory booking and hiring practices for exotic dancers of color. |

It is clear from the face of the Complaints that Plaintiffs allege in both *Club 205 I* and *Club 205 II* that Defendant operates a strip club, that both Plaintiffs are employees, that Plaintiffs were exotic dancers at Club 205, that Defendant retained supervisory authority over Plaintiffs, including the right to fire them, that Defendant controlled the nature of the work performed by Plaintiffs, and that Defendant provided the equipment required for them to perform stage work. Both cases allege facts about sexual harassment and racial discrimination in the workplace. These alleged factual commonalities alone meet the standard for consolidation under Fed. R. Civ. P. 42(a).

In addition, the cases have common questions of law. In *Club 205 I,* Plaintiffs allege sexual harassment, racial harassment, and hostile work environment in violation of ORS 659A.030(1)(b). Case No. 21CV49359, ¶¶ 55-66. In *Club 205 II,* Plaintiffs allege retaliation for reporting and

opposing race and sex discrimination in violation of state and federal law. Case No. 3:22-cv-00920-HZ, ¶¶ 54-59. Plaintiffs' state law claim for opposition to unlawful practice is in violation of ORS 659A.030(1)(f), the same statute alleged in *Club 205 I*. Plaintiffs' claim in *Club 205 II* alleging retaliation for reporting unlawful race and sex discrimination is in violation of ORS 659A.199. Both cases allege violations under ORS chapter 659A, and both cases even allege violation of the same statute, ORS 659A.030, relating to race and sexual discrimination, in the same time period. Additionally, both cases will involve litigation over Plaintiffs allegations, in both *Club 205* cases, that they were Defendant's "employees." These common questions of law meet the standard for consolidation under Fed. R. Civ. P. 42(a)

Due to the substantially similar factual allegations and overlapping legal theories, the discovery sought and evidence in both matters will be the same. For example, in both cases, Plaintiffs will likely seek information regarding Plaintiffs' allegations of discrimination based on race and sex in the workplace, Defendant's policies and practices with respect to sexual harassment and discrimination in the workplace, and information relating to Plaintiffs' allegations that they were "employees."

    **C.**    **Consolidation Is Consistent With the Efficiency and Will Not Prejudice the Parties or Cause Delay or Confusion**

At this early stage in the litigation, no party will suffer prejudice from consolidation. Judicial proceedings in the *Club 205* cases have barely progressed. *Club 205 II* was just filed on June 27, 2022. And in *Club 205 I,* Defendant has filed its Answer and Affirmative Defenses and the parties have filed a Stipulated Protective Order. Although a Motions Judge has been assigned, there has been no motion practice. While there has been some discovery exchanged in *Club 205 I,* the parties would need the same or similar discovery in order to address Claims for Relief in *Club 205 II.* Administering these cases as a single consolidated action would avoid duplication of effort

and unnecessary costs. A single Judge presiding over both cases will also guarantee consistent legal rulings. Because *Club 205 II* alleges federal claims under Title VII and FLSA, in addition to Oregon state law claims, it is appropriate for these cases to be consolidated for further proceedings in the District Court of Oregon – Portland Division.

### III.    CONCLUSION

Consolidation of the *Club 205* cases will avoid the need for duplicative discovery and motion practice, and is consistent with the mandate in Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." For the foregoing reasons, Defendant respectfully requests that the Court consolidate *Club 205 I* and *Club II* for all further proceedings and assign one Judge to preside over the consolidated case.

Dated:  July 12, 2022         LITTLER MENDELSON, P.C.


/s/ Anthony Kuchulis
Anthony Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q Ridgeway, OSB No. 213011
jridgeway@littler.com

Attorneys for Defendant
SKC Investment, Inc., dba Club 205