Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Cristin Casey, OSB No. 073519
ccasey@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Telephone:    503.221.0309
Fax No.:        503.242.2457

Attorneys for Defendant
SKC Investment, Inc., dba Club 205

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAT HOLLIS** and **JANE DOE,** individuals**,**<br><br>                    Plaintiffs,<br><br>        vs.<br><br>**SKC INVESTMENT INC.,** a domestic business corporation, doing business as **CLUB 205,**<br><br>                    Defendant. | Case No. 3:22-CV-00920-HZ<br><br>DEFENDANT'S / COUNTERCLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIMS |

        Defendant SKC Investment, Inc., dba Club 205 ("Defendant"), submit the following

Answer and Affirmative Defenses, and Counterclaims, in response to Plaintiff's Complaint:

### I. ANSWER

1.

        Defendant denies the factual allegations in Paragraph 1 and does not respond to the legal

conclusions. Defendant denies that Plaintiffs are entitled to the alleged relief.

2.

Defendant denies the factual allegations in Paragraph 2 and does not respond to the legal conclusions. Defendant denies that Plaintiffs are entitled to the alleged relief.

3.

Defendant does not respond to the legal conclusions in Paragraph 3 and denies that Plaintiffs are entitled to the alleged relief.

4.

Defendant admits that the Court has jurisdiction over claims brought under Title VII, the Fair Labor Standards Act, the laws of the United States, and the Commerce Clause of the United States Constitution. Defendant does not respond to the legal conclusions alleged in Paragraph 4 and denies the allegations in Paragraph 4 to the extent they imply Plaintiffs have pled facts sufficient to state claims under the causes of action identified in Paragraph 4(a)–(f).

5.

On information and belief, Defendant admits the allegations in Paragraph 5.

6.

Regarding the allegations in Paragraph 6, Defendant admits that it operates a live performance venue under the assumed business name of Club 205, located in Portland, Oregon, in Multnomah County. Except as expressly admitted, Defendant denies the allegations in Paragraph 6.

7.

Defendant denies the allegations in Paragraph 7.

8.

Defendant admits that Cat Hollis has identified their pronouns in this Complaint as

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

"they/them" and that Hollis performed at Club 205 as an independently-contracted performer. Except as expressly admitted, Defendant denies the allegations in Paragraph 8.

9.

Defendant admits that Jane Doe has identified her pronouns in this Complaint as "she/her" and that Doe performed at Club 205 as an independently-contracted performer. Except as expressly admitted, Defendant denies the allegations in Paragraph 9.

10.

Defendant admits that it operates a live performance venue under the assumed business name of "Club 205." Except as expressly admitted, Defendant denies the allegations in Paragraph 10.

11.

Defendant denies the allegations in Paragraph 11.

12.

Defendant denies the allegations in Paragraph 12.

13.

Defendant denies the allegations in Paragraph 13.

14.

Defendant admits that it has control over the infrastructure and fixtures located at Club 205. Except as expressly admitted, Defendant denies the allegations in Paragraph 14.

15.

Defendant denies the allegations in Paragraph 15.

16.

Defendant admits the allegations in Paragraph 16.

Page 3 – DEFENDANT'S / COUNTERCLAIMANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT
AND COUNTERCLAIMS

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18.

Defendant is aware that Plaintiff Hollis helped found a group called "Haymarket Pole Collective" and that Defendant understood its purpose was to rent out live performance equipment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies the same.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

24.

Defendant admits that Plaintiff Hollis reached out to Club 205 with a list of demands relating to her work for the PDX Stripper Strike. Except as expressly admitted, Defendant denies the allegations in Paragraph 24.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29.

Defendant admits that on June 8, 2020, Plaintiff Hollis texted Defendant's General Manager and asked if he had heard about the strike that was happening. Except as expressly admitted, Defendant denies the allegations in Paragraph 29.

30.

Defendant admits that, based on the Governor's initial announcement that limited reopening would occur on or about June 12, 2020, Defendant initiated contact with performers

Page 5 – DEFENDANT'S / COUNTERCLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIMS

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

who had previously leased space and for whom it had contact information in order to fill limited shifts available. Except as expressly admitted, Defendant denies the allegations in Paragraph 30.

31.

Defendant admits that based on the Governor's initial announcement that limited reopening would occur on or about June 12, 2020, Defendant initiated contact with performers who had previously leased space and for whom it had contact information in order to fill limited shifts available. Except as expressly admitted, Defendant denies the allegations in Paragraph 31.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34.

Defendant admits that based on the Governor's initial announcement that limited reopening would occur on or about June 12, 2020, Defendant initiated contact with performers who had previously leased space and for whom it had contact information in order to fill limited shifts available. Except as expressly admitted, Defendant denies the allegations in Paragraph 34.

35.

Defendant admits that Plaintiff Hollis sent a text message to Dale Lewis on June 20, 2020, the day after Club 205's limited reopening, asking for shifts the following week, when open shifts were no longer available. Except as expressly admitted, Defendant denies the allegations in Paragraph 35.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

36.

Defendant admits that on June 19, 2020, the Governor's Order allowed a limited reopening, which included occupancy limits, limited stage openings, limited staff schedules, reduced live performance slots, and reduced hours of operation. Except as expressly admitted, Defendant denies the allegations of Paragraph 36.

37.

Defendant denies the allegations set forth in Paragraph 37.

38.

Defendant denies the allegations set forth in Paragraph 38 and does not respond to the legal conclusions.

39.

Defendant denies the allegations set forth in Paragraph 39 and does not respond to the legal conclusions.

40.

Defendant denies the allegations set forth in Paragraph 40, denies that Plaintiffs are entitled to any relief, and does not respond to the legal conclusions.

41.

Defendant admits that Plaintiffs filed complaints with the Oregon Bureau of Labor and Industries ("BOLI") on April 1, 2021. Upon information and belief, those complaints were co-filed with the Equal Employment Opportunity Commission ("EEOC"). Except as expressly admitted, Defendant denies the allegations in Paragraph 41.

42.

Upon information and belief, BOLI issued letters on March 30, 2022 in BOLI Case Nos.

Page 7 – DEFENDANT'S / COUNTERCLAIMANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT
AND COUNTERCLAIMS

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

EEEMRC210401-10261 and EEEMRE210401-10262 stating that the complaints filed with the BOLI Civil Rights Division had been closed because Complainants had withdrawn their complaints. Except as expressly admitted, Defendant denies the allegations in Paragraph 42.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44.

Defendant denies the allegations set forth in Paragraph 44.

45.

Defendant denies the allegations set forth in Paragraph 45 and does not respond to the legal conclusions.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same

47.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

48.

Defendant admits that it does not pay wages to independently-contracted performers. Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 48.

49.

Defendant denies the allegations set forth in Paragraph 49.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

50.

Defendant denies the allegations set forth in Paragraph 50.

51.

Defendant denies the allegations set forth in Paragraph 51 and does not respond to the legal conclusions.

52.

Defendant denies the allegations set forth in Paragraph 52 and does not respond to the legal conclusions.

53.

Defendant denies the allegations set forth in Paragraph 53 and does not respond to the legal conclusions

54.

Defendant denies the allegations set forth in Paragraph 54 and does not respond to the legal conclusions.

55.

Defendant denies the allegations set forth in Paragraph 55, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

56.

Defendant denies the allegations set forth in Paragraph 56 and does not respond to the legal conclusions.

57.

Defendant denies the allegations set forth in Paragraph 57, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

58.

Defendant denies the allegations set forth in Paragraph 58 and does not respond to the legal conclusions.

59.

Defendant denies the allegations set forth in Paragraph 59, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

60.

Defendant denies the allegations set forth in Paragraph 60 and does not respond to the legal conclusions.

61.

Defendant denies the allegations set forth in Paragraph 61 and does not respond to the legal conclusions.

62.

Defendant denies the allegations set forth in Paragraph 62 and does not respond to the legal conclusions.

63.

Defendant denies the allegations set forth in Paragraph 63, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

64.

Defendant denies the allegations set forth in Paragraph 64 and does not respond to the legal conclusions.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

65.

Defendant denies the allegations set forth in Paragraph 65 and does not respond to the legal conclusions.

66.

Defendant denies the allegations set forth in Paragraph 66, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

67.

Defendant denies the allegations set forth in Paragraph 67, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

68.

Defendant denies the allegations set forth in Paragraph 68, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

69.

Defendant denies the allegations set forth in Paragraph 69 and does not respond to the legal conclusions.

70.

Defendant denies the allegations set forth in Paragraph 70 and does not respond to the legal conclusions.

71.

Defendant denies the allegations set forth in Paragraph 71, as well as any alleged entitlement to relief, and does not respond to the legal conclusions.

72.

Except as expressly admitted, Defendant denies the remainder of Plaintiff's Complaint in

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

whole thereof. By way of further answer to Plaintiff's Complaint, but without assuming Plaintiff's burden of proof, Defendant offers the following affirmative and additional defenses:

## II. AFFIRMATIVE DEFENSES:

### 73.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state a claim for which relief can be granted against Defendant. Plaintiffs have no legal basis to proceed under 42 U.S.C. § 2000e-3 (Title VII), ORS 659A.030(1)(f), ORS 659A.199, 29 U.S.C. § 206 (FLSA), ORS 653.025, or ORS 653.140 because there was no employer-employee relationship between Plaintiffs and Defendant.

### 74.

### SECOND AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Plaintiffs' employment-based claims are barred by the doctrine of equitable estoppel because Plaintiffs represented that they were independent contractors to Defendant.

### 75.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands / Bad Faith)

Plaintiffs' claims are barred or limited due to unclean hands and bad faith in that Plaintiffs represented that they were independent contractors of Defendant, only to subsequently initiate this action seeking remedies available only to employees under applicable employee-employer relationship statutes.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

76.

## FOURTH AFFIRMATIVE DEFENSE

### (Intentional / Negligent Spoliation)

Plaintiffs negligently and/or deliberately failed to keep records relevant to each of the claims alleged in their Complaint and defenses at issue in this case.

77.

## FIFTH AFFIRMATIVE DEFENSE

### (Independent Contractor Status)

Plaintiffs' Complaint and each claim for relief therein are barred because at all times material to the allegations in the Complaint, Plaintiffs were independent contractors and not Defendant's employees.

78.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs have waived the rights asserted in their Complaint because Plaintiffs, by their own acts and conduct, agreed to perform at Club 205 as independent contractors—not as employees.

79.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to bring forth the claims asserted in this Complaint because Plaintiffs were independent contractors and not employees.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

80.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in this Complaint because Plaintiffs, having notice of the facts constituting their alleged causes of action, nevertheless delayed institution of this lawsuit, and such delay has worked to the disadvantage and prejudice of Defendant.

## RESERVATION OF RIGHTS

81.

Defendant has not yet completed an exhaustive investigation into, or discovery of, the allegations, facts, and circumstances of the subject matter of Plaintiffs' allegations, and accordingly, Defendant reserves the right to amend, modify, revise, or supplement its Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further actions as may be deemed proper and necessary in its defense upon the completion of investigation and discovery.

## III. COUNTERCLAIMS

## COUNTERCLAIM: FIRST CAUSE OF ACTION

### (Unjust Enrichment)

82.

At all times material hereto, Defendant/Counterclaimant has provided to Plaintiffs/Counter-Defendants the benefits and advantages of providing services as independent contractors, and Plaintiffs/Counter-Defendants have enjoyed those benefits, including the freedom, flexibility, and tax advantages of such a relationship, including but not limited to the

Page 14 – DEFENDANT'S / COUNTERCLAIMANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT
AND COUNTERCLAIMS

ability to drink on the job, wield creative control over their performances, decide whether and to whom to provide private dances, the privilege of setting rates for private dances, keeping proceeds from private dances, and lack of restrictions on dancing at other Live Performance Venues.

83.

By treating Plaintiffs/Counter-Defendants as independent contractors, Defendant/Counterclaimant has failed to obtain and collect the revenue, including minimum private or semi-private performance fees, generated by Plaintiffs/Counter-Defendants through their performances at Club 205.

84.

Plaintiffs/Counter-Defendants were aware of the aforementioned benefits they received by working as independent contractors rather than employees.

85.

Defendant/Counterclaimant, to its detriment, reasonably and in good faith relied on the representation and the promises of Plaintiffs/Counter-Defendants that Plaintiffs/Counter-Defendants were independent contractors.

86.

Defendant/Counterclaimant relied on Plaintiffs'/Counter-Defendants' representations that they were independent contractors in forming and executing its business plan, and in planning for, and preparing paying its taxes, in making withholdings, and in ensuring compliance with other applicable laws.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

87.

Plaintiffs/Counter-Defendants knowingly and purposefully induced Defendant/Counterclaimant to rely upon Plaintiffs'/Counter-Defendants' promises in this regard, and with the intention that Defendant/Counterclaimant so rely.

88.

Should Plaintiffs/Counter-Defendants prevail in their First, Second, Third, Fourth, Fifth, and/or Sixth Claims for Relief, they will be substantially and unjustly enriched at the expense of Defendant/Counterclaimant, who will be substantially and unjustly harmed by them.

89.

Based on Plaintiffs'/Counter-Defendants' allegations that they worked approximately 5 days per week, six hours per shift, they likely earned between $80 to $400 per night while dancing on stage and up to $525 per night in separate dance fees, and based on Plaintiffs'/Counter-Defendants' allegations regarding the duration of their work for Defendant/Counterclaimant, Plaintiff/Counter-Defendant Hollis most likely earned between $175,000 to $225,000 for her performances at Club 205; and Plaintiff/Counter-Defendant Doe most likely earned between $650,000 to $700,000 for her performances at Club 205.

90.

Plaintiffs/Counter-Defendants should not be awarded an unjust windfall. Should Plaintiffs/Counter-Defendants prevail on their First, Second, Third, Fourth, Fifth, and/or Sixth Claims for Relief, Defendant/Counterclaimant will be entitled to restitution, including but not limited to, a return of all private and/or semi-private performance fees, set offs against any award of wages, overtime wages, monetary benefits, or other amounts or damages to which Plaintiffs/Counter-Defendants may be found to be entitled to, and/or any of those fees received by

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

Plaintiffs/Counter-Defendants but not remitted to Defendant/Counterclaimant, in an amount no less than $825,000.

## COUNTERCLAIM: SECOND CAUSE OF ACTION

### (Intentional Interference with Economic Relations)

91.

Defendant/Counterclaimant reincorporates its allegations contained in Paragraphs 82 through 90 above.

92.

Plaintiffs/Counter-Defendants had a professional and/or business relationship with Defendant/Counterclaimant wherein Plaintiffs/Counter-Defendants engaged, as independent contractors, in Live Performances at Defendants'/Counterclaimants' Live Performance Venue. Defendant/Counterclaimant maintained contractual relationships with other live performers who engaged in live performances at Club 205 as independent contractors.

93.

Plaintiffs/Counter-Defendants engaged in intentional activity that threatened and interfered with the current and prospective business of Defendant/Counterclaimant by intentionally interfering with Defendant's/Counterclaimant's relationships with its other independent contractor live performers by encouraging them not to fulfill the obligations of their contracts. Plaintiffs/Counter-Defendants acted with an improper purpose as they were well-aware that Defendant/Counterclaimant relied on its independent contractors to engage in live performances to entice customers to the business.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

94.

As a direct and proximate cause of Plaintiffs'/Counter-Defendants' actions in interfering with Defendant's/Counterclaimant's professional and business relationships, Defendant/Counterclaimants suffered and continue to suffer economic damages in an amount to be established at trial.

## RESERVATION OF RIGHTS AND PRAYER FOR RELIEF

Defendant reserves the right to amend its Answer, Affirmative Defenses, and Counterclaims, including as warranted to conform with the evidence obtained during discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant respectfully request the Court for the following relief:

1.    For dismissal of Plaintiffs'/Counter-Defendants' Complaint in full;

2.    For judgment against Plaintiffs/Counter-Defendants on the counterclaims for relief;

3.    Economic and compensatory damages in an amount to be proven at trial;

4.    Attorneys' fees and costs;

5.    Pre-judgment and post-judgment interest at the highest rate allowed by law on all amounts awarded herein; and

6.    Such other relief as the Court may deem appropriate.

LITTLER MENDELSON, PC
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

Dated:        August 29, 2022                    LITTLER MENDELSON, P.C.


                                                */s/ Anthony Kuchulis*
                                                Anthony D. Kuchulis, OSB No. 083891
                                                akuchulis@littler.com
                                                Cristin Casey, OSB No. 073519
                                                ccasey@littler.com

                                                Attorneys for Defendant
                                                SKC Investment, Inc., dba Club 205

Page 19 – DEFENDANT'S / COUNTERCLAIMANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT
AND COUNTERCLAIMS