**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, OR 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAT HOLLIS** and **JANE DOE,** individuals, Plaintiffs, vs. **SKC INVESTMENT INC**., A DOMESTIC BUSINESS CORPORATION, DOING BUSINESS AS **CLUB 205**, Defendant. | Case No.: 3:22-cv-920-HZ  STIPULATED PROTECTIVE ORDER |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information subject to protection under Federal Rule of Civil Procedure 36 C. The parties agree that good cause exists to protect the confidential nature of the information contained in documents, responses to requests for admission, interrogatory responses, or deposition testimony. Nothing in this protective order prohibits a party from contesting another party's confidential designation of information.

As required under UTCR 21.090(3), all parties stipulate to the following protective order. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order").

1 - STIPULATED PROTECTIVE ORDER

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. Information (regardless of how it is generated, stored or maintained) or tangible things that contain or are related to Plaintiff Doe's identity in this case, including her name, address, email address, telephone numbers, or other information that could be used to publicly identify her, shall be used only for the purposes of prosecuting, defending, or settling this litigation. This identifying information shall not be used by Defendant for any other purpose and shall only be disclosed in the limited circumstances listed below.

2. Parties shall mark as "Confidential" any information disclosed that contains Plaintiff Doe's identifying information.

3. The protections that apply pursuant to this Stipulated Protective Order cover not only Plaintiff Doe's identifying information as defined and described above, but also (1) any information copied or extracted from the identifying information; (2) all copies, excerpts, summaries, or compilations of identifying information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Plaintiff Doe's identifying information.

4. If portions of the documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court by any Party, they shall be redacted to remove references to Plaintiff Doe's identifying information as described above or filed under seal and marked as follows or in a substantially similar form:

///

///

///

CONFIDENTIAL

2 - STIPULATED PROTECTIVE ORDER

>   IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

5. Within ten (10) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information protected under this Protective Order. If a transcript containing any such material is filed with the Court, it shall be redacted or filed under seal and marked in the manner described in paragraph 4. All deposition transcripts shall be treated as "Confidential" until the expiration of the ten-day period.

6. "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been redacted or filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a. Counsel of record for the parties, and the administrative staff of the counsel of record.

   b. Individuals agreed upon by the Parties and deemed necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A.

   c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a

   Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

  d. The Court and its personnel, including, but not limited to, members of the jury, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

  e. The authors and the original recipients of a document containing Plaintiff Doe's identifying information or a custodian or other person who otherwise possessed or knew the information.

  f. Any court reporter or videographer reporting a deposition who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A.

  g. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

9. If counsel for any Party believes that any document or material has been inappropriately designated, they shall confer with designating party. An appropriate motion to the Court may be filed if the parties are unable to resolve the matter informally. Counsel must nevertheless abide by the designation until the matter is resolved by agreement of the parties or by order of the Court.

10. Within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return or destroy all information and documents subject to this Protective Order. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

11. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

12. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

13. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Stipulated by:

| s/Corinna Spencer-Scheurich | s/Cristin Casey |
|---|---|
| Corinna Spencer-Scheurich<br>Northwest Workers' Justice Project<br>310 SW 4th Ave, Suite 320<br>Portland, OR 97204<br>Tel: (503) 525-8454<br>Fax: (503) 946-3029<br>corinna@nwjp.org<br>*Attorney for Plaintiff* | Anthony Kuchulis<br>Cristin Casey<br>Littler Mendelson PC<br>1300 SW Fifth Ave., Suite 2050<br>Portland, OR 97201<br>Tel: (503) 221-0309<br>Fax: (503) 242-2457<br>akuchulis@littler.com<br>ccasey@littler.com<br>*Attorneys for Defendant* |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

March 14, 2023                      _____/s/ Marco Hernandez_____

5 - STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by United States District Court for the District of Oregon on _____ in the case of Cat Hollis and Jane Doe v. SKC INVESTMENT, INC, dba CLUB '205', Case No: 3:22-cv-920-HZ. I agree to comply with and to be bound by all of the terms of the Stipulated Protective Order.

.

Date:_____

Signature:_____

Printed name:_____

City and State where sworn and signed:_____

6 - STIPULATED PROTECTIVE ORDER